MANUEL RAFAEL RAMOS RIVERA and TRAVELERS INSURANCE COMPANY; Plaintiffs and Appellant the former, *v.* COMMONWEALTH OF PUERTO RICO and NATIONAL GUARD OF PUERTO RICO, Defendants and Appellees.

No. R-63–208.    Decided September 23, 1964.

*Rivera Zayas, Rivera Cestero & Rúa* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Plaintiff Manuel Rafael Ramos Rivera, appellant herein, seeks review of the judgment reaffirmed on reconsideration as to the amount awarded in each cause of action for the damages suffered by appellant. It will be recalled that, on the disclosures of fact analyzed in appeal R-63-202,* review sought by the State, judgment was rendered on these

---

* Editor's Note: See 90 P.R.R. 795.

facts awarding to appellant the sum of $12,750 for physical injuries received by him; $2,550 for the death of his wife; $5,100 for the death of his son; and $935 for damages to the vehicle. In this review appellant requests this Court to increase the first three items of damages corresponding to the first three causes of action to $50,000 each, over and above the $15,000 limit provided by Act No. 104 of 1955, relying on our holding in *Valentín* v. *Commonwealth*, 84 P.R.R. 108, 118 (Santana Becerra) (1961), in which we held: ". . . it is convenient to notice that in actions under this Act the judges of the Superior Courts should establish the amount of damages suffered in accordance with the evidence even when it could exceed $15,000, and render judgment subject to the limit if it were higher. It must be so since Act No. 104 itself permits specific legislative authorization for paying the amount of a judgment rendered *in excess* of the said limit. Of course, as we stated in *Correa*, and we repeat, this mission of the judges should be governed by a sound judgment and reasonable and weighed standards in the evaluation of each case, with an objective view of the facts proved, so that the remedial sense of the compensation established in § 1802 be always preserved and that the accident will not be a motive of speculation or profit."

It should be clear that in fixing in the judgment the maximum limit on the basis of the results of the evidence, there should be added the statutory limitation that the State shall only be liable, as respects the judicial execution of the judgment, up to the sum of $15,000 according to Act No. 104 of 1955.

■■ However, regarding the increase in the indemnities awarded in this case, without the transcript of the evidence having been sent up, we cannot alter the compensation awarded by the trial court, since it is known that the safest test for increasing the compensation is the permanence of

the injury suffered and the reduction of the person's former earning capacity.

■■ It is correct that in *Pagán* v. *Guardiola*, 78 P.R.R. 372, 373 (Belaval) (1955), following the order of exposition of Puig Peña's comments—IV-II Puig Peña, *Tratado de Derecho Civil Español* 572 (1951)—we said that moral damages must be of evident patrimonial repercussion, in which case they are necessarily compensable as if they were material damages, but this does not mean that moral damages, *strictu sensu*, those which belong to the sensible world of the human being, should not be compensated provided it is shown how those damages affected the health, welfare, and happiness of the injured—*Hernández* v. *Fournier*, 80 P.R.R. 94, 104 (Saldaña) (1957)—in which we held that "as to the moral damages, it is essential to prove deep moral suffering and anguish, and a passing affliction would not give rise to an action." There being no basis for altering the compensation awarded by the trial court other than the description of the injuries and the fact of the death of his wife and son, we will not disturb the compensation.

■ Regarding the exclusion of the attorney's fees in the judgment, it is clearly established that according to Act No. 104 of 1955, the State may be ordered to pay costs but not attorney's fees. *Arroyo* v. *Municipality*, 81 P.R.R. 425, 428–30 (Saldaña) (1959); *Commonwealth* v. *Pérez*, 83 P.R.R. 832, 846 (1961) (per curiam).

The judgment rendered by the Superior Court of Puerto Rico, Caguas Part, on August 6, 1963, will be affirmed as to the amount of compensation.